Matter of Engels v DiNapoli (2025 NY Slip Op 02116)

Matter of Engels v DiNapoli

2025 NY Slip Op 02116

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-23-2381
[*1]In the Matter of Urho Engels, Petitioner,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:February 13, 2025

Before:Egan Jr., J.P., Clark, Lynch, Powers and Mackey, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a firefighter, took a service retirement in April 2016. In June 2016, he filed an application for accidental disability retirement benefits alleging that he was permanently incapacitated from the performance of his duties as a result of a condition set forth in Retirement and Social Security Law § 363-d — specifically, prostate cancer. Petitioner alleged that such cancer stemmed from the inhalation of toxins present on the fire apparatus that he serviced and cleaned after such equipment returned from Ground Zero. Although acknowledging that petitioner was permanently incapacitated from the performance of his duties as a firefighter, the New York State and Local Retirement System denied petitioner's application upon the ground that such disability was not related to any of the conditions outlined in Retirement and Social Security Law § 363-d. Following a hearing and redetermination, a Hearing Officer upheld the denial, finding that petitioner failed to establish that his conceded incapacitation was the result of prostate cancer and that, in any event, the Retirement System successfully rebutted the statutory presumption set forth in Retirement and Social Security Law § 363-d. Respondent subsequently affirmed the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. Where, as here, a firefighter sustains a partial or total disability or death as the result of certain cancers, including prostate cancer, it shall be presumed — absent competent evidence to the contrary — that "such disability or death (a) was caused by the natural and proximate result of an accident, not caused by such firefighter's own willful negligence, and (b) was sustained in the performance and discharge of duty" (Retirement and Social Security Law § 363-d [ii]). Petitioner contends that respondent erred in concluding that his conceded incapacitation was not attributable to his diagnosed prostate cancer and, further, that the Retirement System failed to rebut the statutory presumption. We disagree.
Petitioner testified that his prostate-specific antigen levels started to rise in 2009 or 2010 and that he began experiencing urinary issues in 2011. In 2014, petitioner started treating with a urologist who prescribed medication to assist petitioner with the urinary issues he experienced while on duty, as his fellow firefighters could not wait three to four minutes for petitioner to finish going to the bathroom before responding to a service call. Petitioner took a service retirement in April 2016. Thereafter, following a biopsy, he was diagnosed with prostate cancer in June 2016. However, no treatment was prescribed, as cancer was detected [*2]in less than 5% of the biopsied tissue. Instead, petitioner's urologist began to actively monitor the growth of cancer cells through biopsies conducted every six months. As to the impact of such diagnosis, petitioner's treating physician stated that, "If [petitioner] were still a fire department employee, [his] recommendation would be that [petitioner] give notice and discontinue that employment as that type of work could worsen his condition." Contrary to petitioner's assertion, such statement falls short of establishing that his disability was in fact the result of prostate cancer. Indeed, the record makes clear that petitioner's symptoms, as well as the corresponding impact that such symptoms had on his work as a firefighter, predated petitioner's cancer diagnosis by a number of years. Accordingly, substantial evidence supports the Hearing Officer's and respondent's findings that petitioner's retirement was not in fact occasioned by any of the conditions listed in Retirement and Social Security Law § 363-d.
Substantial evidence also supports the alternative ground for the denial of petitioner's application — namely, that the medical report submitted by the Retirement System's expert was sufficient to rebut the statutory presumption. The Retirement System's expert agreed that petitioner's urinary symptoms would make it difficult for him to perform his firefighting duties in an outside setting, i.e., responding to calls for service, and acknowledged that petitioner was permanently disabled from performing his duties as a firefighter. The expert noted, however, that petitioner's urinary symptoms "existed many years before the diagnosis of cancer," had not been well treated and had not worsened since said diagnosis, and that such symptoms were "more frequently associated with an enlarged prostate rather than cancer." For these reasons, the expert attributed petitioner's disability to his ongoing urinary issues as opposed to his early-stage prostate cancer. "Respondent is vested with the authority to resolve conflicting medical evidence
. . . and to credit one expert's opinion over another, and [such] determination will be sustained if supported by substantial evidence" (Matter of Hannon v DiNapoli, 226 AD3d 1122, 1123 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of Mozdziak v DiNapoli, 231 AD3d 1215, 1216 [3d Dept 2024]; Matter of Romano v DiNapoli, 228 AD3d 1195, 1196 [3d Dept 2024]). Upon reviewing the record, we are satisfied that substantial evidence supports the finding that the foregoing report was sufficient to rebut the statutory presumption, thereby warranting the denial of petitioner's application for accidental disability retirement benefits. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, respondent's determination is confirmed.
Egan Jr., J.P., Lynch, Powers and Mackey, JJ., concur.
ADJUDGED that [*3]the determination is confirmed, without costs, and petition dismissed.